No. **CR12 00888 DLJ PSG**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### *SAN JOSE DIVISION*

*E-filing*

*Filed*

DEC 2 0 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## THE UNITED STATES OF AMERICA

### *vs.*

### JOHN GERINGER, CHRISTOPHER LUCK and KEITH RODE

# INDICTMENT

COUNT ONE: 18 U.S.C. § 1349-Conspiracy to Commit Mail and Wire Fraud

COUNTS TWO through THIRTEEN: 18 U.S.C. § 1341-Mail Fraud

COUNTS FOURTEEN through TWENTY SIX: 18 U.S.C. § 1343-Wire Fraud

COUNT TWENTY SEVEN: 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. §§ 240.10b-5 and 240.10b5-2; 18 U.S.C. § 2-Securities Fraud

COUNTS TWENTY through THIRTY EIGHT: 18 U.S.C. § 1957(a)-Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _19TH_ *day of* _DECEMBER_ *A.D. 2012*

_____
UNITED STATES MAGISTRATE JUDGE

Bail. $ _Summons for each defendant_

MELINDA HAAG (CABN 132612)
United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHN GERINGER,
CHRISTOPHER LUCK, and
KEITH RODE,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CR 12    00888

No.

VIOLATIONS:

18 U.S.C. § 1349 (Conspiracy);
18 U.S.C. § 1341 (Mail Fraud);
18 U.S.C. § 1343 (Wire Fraud);
15 U.S.C. §§ 78j(b) and 78ff,
17 C.F.R. §§ 240.10b-5 and 240.10b5-2,
18 U.S.C. § 2 (Securities Fraud);
18 U.S.C. § 1957(a) (Money Laundering);
18 U.S.C. § 981(a)(1)(C),
28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1)
(Forfeiture)

SAN JOSE VENUE

**I N D I C T M E N T**

The Grand Jury charges that, at all relevant times:

<u>Relevant Entities and Individuals</u>

1.    Geringer, Luck & Rode, LLC ("GLR LLC") was a California investment corporation located in Scotts Valley, California. GLR LLC, established in 2003, purported to engage in the business of investment, insurance, and tax-consultation services.

2.    JOHN GERINGER ("GERINGER") was a resident of Scotts Valley, and worked

**INDICTMENT**

1    as a licensed securities trader and investment advisor. GERINGER served as the managing

2    partner at GLR LLC.

3        3.      CHRISTOPHER LUCK ("LUCK") was a resident of Scotts Valley, California,

4    and was a partner at GLR LLC. Luck also served as Chairman of the Board of two private

5    companies: Digital Delivery Networks, Inc. and MediaTile.

6        4.      KEITH RODE ("RODE") was a resident of Scotts Valley, California, and

7    Franklin, Wisconsin. RODE worked as a Certified Public Accountant, and was a partner at GLR

8    LLC.

9        5.      GLR Capital Management, LLC ("GLR CAPITAL") was a California limited

10    liability company, based in Scotts Valley. GERINGER was the managing member of GLR

11    CAPITAL.

12        6.      GLR Growth Fund, LP ("FUND") was a California limited partnership formed in

13    2003 and based in Scotts Valley. The FUND's limited partnership agreement provided that GLR

14    CAPITAL, the FUND's general partner, had control over the FUND's affairs, and the limited

15    partners – the FUND's investors – had no role in the business of the FUND. GLR CAPITAL

16    made investments on behalf of private investors through the FUND.

17        7.      GLR Advisors was a California company, based in Scotts Valley. GERINGER

18    established GLR Advisors, and was its managing member.

19        8.      Digital Delivery Networks, Inc. ("DDNI") and MediaTile were two private

20    companies located in Scotts Valley, California. The FUND was the primary investor in both

21    companies.

22        9.      Electronic wire transfers from Fremont Bank, Santa Cruz County Bank, Bank of

23    New York, Wells Fargo Bank, Bank of America, IAG Federal Credit Union, Santa Cruz

24    Community Credit Union, and U.S. Bank all utilized a domestic electronic funds transfer system

25    known as the Fedwire system, which is owned and operated by the United States Federal Reserve

26    System. All Fedwire wires were electronically routed through Fedwire offices in East

27    Rutherford, New Jersey.

28

**INDICTMENT**

## The Business of GLR CAPITAL and the FUND

10. GLR CAPITAL managed the FUND. Between 2009 and 2011, marketing materials created by GERINGER and distributed to investors represented that the FUND was able to achieve consistent annual returns of between 17 and 25 percent between the years 2001 through 2011. In these marketing materials, the FUND represented to investors that 75% of its investments were made in publicly traded securities, options, and commodities.

11. FUND marketing materials informed investors that it received investments for one-year periods, at the end of which the investor could either request to withdraw from the FUND or rollover the investment for another one-year period. The FUND informed investors that they would be charged a 4% management fee.

12. Between 2003 and 2012, FUND marketing materials represented the following asset allocations: 20% in S&P 100; 20% in S&P 500 Index; 20% in NASDAQ; 15% in Dow Jones 30; and 25% in "Direct Company Investments" that was defined as "Natural Gas, Oil Public and Private Companies, Software, Semiconductor Telecommunications Related."

13. Between 2003 and 2012, FUND marketing materials represented the following positive performance history: 2001 (+25.28%); 2002 (+25.12%); 2003 (+20.36%); 2004 (+20.08%); 2005 (+20.19%); 2006 (+22.31%); 2007 (+23.56%); and 2008 (+23.53%).

## The Scheme to Defraud

14. From approximately 2009 through 2012, GERINGER, LUCK, and RODE engaged in a scheme, plan and artifice to defraud investors, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, although GERINGER's participation in this scheme began in or about 2006, through two principal methods: (A) making materially false statements; and (B) failing to disclose material facts. Investors entrusted GERINGER, LUCK, and RODE with tens of millions of dollars, but GERINGER, LUCK, and RODE failed to invest nearly all of those funds in the manner promised, and converted millions of dollars of the investors' money to their personal benefit.

15. GERINGER, beginning in 2006, and LUCK and RODE, beginning in 2009,

**INDICTMENT**

made false and misleading statements to investors using, among other things, false marketing materials, false financial statements, false brokerage account statements, and misleading written and verbal communications with investors. GERINGER, LUCK, and RODE created the false and misleading appearance that the investors' funds were primarily invested in publicly traded securities, which offered diverse and secure investments with high returns.

16.     In truth, as GERINGER knew in 2006, and LUCK and RODE knew beginning in about 2009, most of the investment monies were not invested in publicly traded securities, but rather in two private startup companies – MediaTile and DDNI. Despite knowing this, GERINGER, LUCK, and RODE continued to represent to investors that the FUND invested in publicly traded securities.

17.     In order to continue to divert funds to private startup companies, in 2009, GERINGER, LUCK, and RODE began to pay existing investors with new investors' funds rather than with income generated by equity trading.

18.     It was a part of the scheme to defraud that, among other conduct, GERINGER, beginning in 2006, and LUCK and RODE beginning in 2009:

(A) represented to investors in marketing materials that the FUND achieved steady annual returns of between 17 and 25 percent from 2001 to 2011, when in truth, GERINGER, LUCK, and RODE knew that such information was materially overstated;

(B) represented to investors in marketing materials that their money would be invested in well-known stock indices such as the S&P 500, NASDAQ, and Dow Jones, when in truth, GERINGER, LUCK, and RODE improperly diverted investor funds to two private companies – MediaTile and DDNI – or to pay back other investors;

(C) represented to investors in marketing materials that the FUND had positive annual returns in 2001 and 2002, when in truth, GERINGER, LUCK, and RODE knew the FUND was not established until 2003;

(D) deceived investors by creating fraudulent and misleading periodic investor account statements purporting to show that the FUND continued to trade securities, when in

**INDICTMENT**

truth, GERINGER, LUCK, and RODE knew that by mid-2009 the FUND was no longer trading securities at all;

(E) deceived investors by creating the fraudulent and misleading impression that their investments had been rolled-over as requested for a new one-year period, when in truth, GERINGER, LUCK, and RODE spent the investors' money to fund private startup companies or to pay back other investors;

(F) deceived investors by falsifying brokerage account statements to make it appear to investors that the FUND's brokerage trading account was successful, when in truth GERINGER, LUCK, and RODE knew the FUND's trading produced negative returns in every year from 2005 to 2009;

(G) deceived investors by continuing to send to them, by mail, periodic account statements, which lulled investors into a false sense of security by creating the appearance that the FUND was investing as promised in a diverse array of equities, when in truth, as GERINGER, LUCK, and RODE knew, most of the investment monies were directed towards two private startup companies or to pay back other investors;

(H) misrepresented to FUND investors material information about the financial performance of the FUND's brokerage accounts;

(I) misrepresented to FUND investors in written materials that the FUND was "Member NASD and SEC Approved," when in truth, as GERINGER, LUCK, and RODE knew, the FUND was neither; and

(J) misrepresented to FUND investors that the FUND was independently audited, when in truth, as GERINGER, LUCK, and RODE knew, the FUND was never independently audited;

19. By 2012, as part of their fraudulent scheme, GERINGER, LUCK, and RODE had solicited over $60,000,000 from nearly ninety investors.

COUNT ONE: 18 U.S.C. § 1349 (Conspiracy to Commit Mail and Wire Fraud)

20. Paragraphs 1 through 19 are realleged and incorporated as if fully set forth herein.

**INDICTMENT**

21.     From in or about 2009 through in or about 2012, in the Northern District of California and elsewhere, the defendants,

**JOHN GERINGER,
CHRISTOPHER LUCK, and
KEITH RODE,**

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire and agree together and with each other to commit offenses against the United States, to wit, (a) mail fraud, in violation of Title 18, United States Code, Section 1341, and (b) wire fraud, in violation of Title 18, United States Code, Section 1343 by devising a scheme and artifice to obtain money by means of false and fraudulent representations, specifically by soliciting investments under the false and fraudulent pretense that the solicited funds would be invested in diversified equity trading.

<u>The Means and Methods of the Conspiracy</u>

22.     Among the means and methods by which GERINGER, LUCK, and RODE carried out the conspiracy to defraud investors were the following:

(A) mailing and otherwise delivering to investors the marketing materials, and other documents that contained materially false information;

(B) transmitting, and causing to be transmitted, wire transfers diverting investor funds for unauthorized expenditures, such as investments in MediaTile and DDNI and personal use;

(C) mailing to investors deceptive and misleading account statements, which created the appearance that their investments were performing and their principal was safe;

(D) paying interest and/or principal withdrawals to investors that were funded in material part by new investor money;

(E) providing false tax and financial information to investors in order to lull investors into a false sense of security regarding the safety of their investments;

(F) making, at meetings with new potential investors, materially false and misleading statements and omitting to disclose material information; and

**INDICTMENT**

(G) paying themselves millions of dollars through various forms of compensation.

All in violation of Title 18, United States Code, Section 1349.

COUNTS TWO THROUGH THIRTEEN : 18 U.S.C. § 1341 (Mail Fraud)

23.     Paragraphs 1 through 19 and 22 are realleged as if fully set forth herein.

24.     On or about the dates set forth below, in the Northern District of California and elsewhere, the defendants,

JOHN GERINGER,
CHRISTOPHER LUCK, and
KEITH RODE,

for the purpose of executing the above-described scheme to defraud and attempting to do so, by means of false and fraudulent material representations, sent and caused to be sent through the United States Postal Service, the items indicated below, in violation of Title 18, United States Code, Section 1341:

| COUNT | DATE | ITEM MAILED |
|-------|------|-------------|
| 2 | 4/27/2011 | Investor *L.B.*'s GLR Interest Statement |
| 3 | 7/27/2011 | Investor *L.B.*'s GLR Interest Statement |
| 4 | 10/27/2011 | Investor *L.B.*'s GLR Interest Statement |
| 5 | 4/22/2012 | Investor *L.B.*'s GLR Interest Statement |
| 6 | 7/27/2009 | Investor *S.G.*'s GLR Interest Statement |
| 7 | 4/27/2010 | Investor *S.G.*'s GLR Interest Statement |
| 8 | 5/25/2010 | Investor *S.G.*'s GLR Interest Statement |
| 9 | 7/27/2010 | Investor *S.G.*'s GLR Interest Statement |
| 10 | 7/27/2010 | Investor *J.S-J*'s GLR Interest Statement |
| 11 | 4/27/2011 | Investor *J.S-J*'s GLR Interest Statement |
| 12 | 7/27/2011 | Investor *J.S-J*'s GLR Interest Statement |
| 13 | 10/27/2011 | Investor *J.S-J*'s GLR Interest Statement |

All in violation of Title 18, United States Code, Section 1341.

COUNTS FOURTEEN THROUGH TWENTY-SIX: 18 U.S.C. § 1343 (Wire Fraud)

25.     Paragraphs 1 through 19 and 22 are realleged as if fully set forth herein.

**INDICTMENT**

26. On or about the dates set forth below, in the Northern District of California and elsewhere, the defendants,

JOHN GERINGER,
CHRISTOPHER LUCK, and
KEITH RODE,

for the purpose of executing said scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and pictures, that is, electronic funds transfers and payments from investor bank accounts to the FUND, as further set forth below, in violation of Title 18, United States Code, Section 1343:

| COUNT | DATE | ITEM WIRED | WIRED FROM | WIRED TO |
|---|---|---|---|---|
| 14 | 3/23/2011 | $342,176.29 | Investor *L.B.'s* Fremont Bank bank account in San Carlos, California | Santa Cruz County Bank in Scotts Valley, California |
| 15 | 7/23/2009 | $250,000 | Investor *P.B.*'s Bank of New York bank account in Denver, Colorado | Santa Cruz County Bank in Scotts Valley, California |
| 16 | 5/20/2011 | $99,933.14 | Investor *R.D.*'s Fremont Bank bank account in San Carlos, California | Santa Cruz County Bank in Scotts Valley, California |
| 17 | 5/22/2009 | $330,000 | Investor *S.G.*'s Bank of New York bank account in Denver, Colorado | Santa Cruz County Bank in Scotts Valley, California |
| 18 | 5/22/2009 | $300,000 | Investor *J.L.*'s Bank of New York bank account in Denver, Colorado | Santa Cruz County Bank in Scotts Valley, California |
| 19 | 2/26/2009 | $167,000 | Investor *C.L.*'s Bank of New York bank account in Denver, | Santa Cruz County Bank |

**INDICTMENT**

8

| | | | | in Scotts Valley, California |
|---|---|---|---|---|
| 20 | 12/5/2011 | $148,690 | Investor *C.P.*'s Fremont Bank bank account in San Carlos, California | Santa Cruz County Bank in Scotts Valley, California |
| 21 | 4/27/2011 | $30,000 | Investor *A.P.*'s IAG Federal Credit Union bank account in Rye, New York | Santa Cruz County Bank in Scotts Valley, California |
| 22 | 4/27/2011 | $73,000 | Investor *L.P.*'s Santa Cruz Community Credit Union bank account in Santa Cruz, California | Santa Cruz County Bank in Scotts Valley, California |
| 23 | 6/8/2010 | $222,483.95 | Investor *K. S-J*'s Fremont Bank bank account in San Carlos, California | Santa Cruz County Bank in Scotts Valley, California |
| 24 | 6/9/2011 | $818,296.87 | Investor *J.S.*'s Fremont Bank bank account in San Carlos, California | Santa Cruz County Bank in Scotts Valley, California |
| 25 | 1/26/2012 | $249,480 | Investor *M.W.*'s Fremont Bank bank account in San Carlos, California | Santa Cruz County Bank in Scotts Valley, California |
| 26 | 7/13/2010 | $94,871.90 | Investor *G.W.*'s U.S. Bank bank account in St. Louis, Missouri | Santa Cruz County Bank in Scotts Valley, California |

All in violation of Title 18, United States Code, Section 1343.

COUNT TWENTY-SEVEN:  15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. §§ 240.10b-5 and 240.10b5-2; 18 U.S.C. § 2 (Securities Fraud)

   27.   Paragraphs 1 through 19 and 22 are realleged as if fully set forth herein.

**INDICTMENT**

9

28. On or about 2009 through 2012, in the Northern District of California and elsewhere, the defendants,

**JOHN GERINGER,**
**CHRISTOPHER LUCK, and**
**KEITH RODE,**

willfully and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances, and aided and abetted others in using and employing manipulative and deceptive devices and contrivances, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2, and Title 18, United States Code, Section 2, by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and failing to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, specifically, by telling investors or allowing investors to believe that their investment into the FUND would be used to purchase equities traded on the New York Stock Exchange or NASDAQ when, in fact, the defendants knew no such investments would be made.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2; and Title 18, United States Code, Section 2.

COUNTS TWENTY-EIGHT THROUGH THIRTY-ONE: (18 U.S.C. § 1957(a) - Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

29. Paragraphs 1 through 19 and 22 are realleged and incorporated as if fully set forth here.

30. On or about the dates listed below, in the Northern District of California, and elsewhere, the defendant,

**INDICTMENT**

JOHN GERINGER,

did knowingly engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, said property having in fact been derived from specified unlawful activity, namely, mail fraud, wire fraud, and securities fraud:

| Count | Date | Amount | Transaction |
|-------|------|--------|-------------|
| 28 | 6/18/2009 | $12,500 | Electronic Funds Transfer to John GERINGER (d/b/a GLR Advisors) |
| 29 | 7/27/2009 | $12,500 | Electronic Funds Transfer to John GERINGER (d/b/a GLR Advisors) |
| 30 | 9/8/2009 | $12,500 | Electronic Funds Transfer to John GERINGER (d/b/a GLR Advisors) |
| 31 | 10/30/2009 | $12,500 | Electronic Funds Transfer to John GERINGER (d/b/a GLR Advisors) |

All in violation of Title 18, United States Code, Section 1957.

COUNTS THIRTY-TWO THROUGH THIRTY-FIVE: (18 U.S.C. § 1957(a) - Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

29. Paragraphs 1 through 19 and 22 are realleged and incorporated as if fully set forth here.

30. On or about the dates listed below, in the Northern District of California, and elsewhere, the defendant,

CHRISTOPHER LUCK,

did knowingly engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, said property having in fact been derived from specified unlawful activity, namely, mail fraud, wire fraud, and securities fraud:

**INDICTMENT**

11

| Count | Date | Amount | Transaction |
|---|---|---|---|
| 32 | 6/18/2009 | $15,000 | Electronic Funds Transfer to Christopher LUCK |
| 33 | 7/27/2009 | $15,000 | Electronic Funds Transfer to Christopher LUCK |
| 34 | 9/8/2009 | $15,000 | Electronic Funds Transfer to Christopher LUCK |
| 35 | 10/29/2009 | $15,000 | Electronic Funds Transfer to Christopher LUCK |

All in violation of Title 18, United States Code, Section 1957.

COUNTS THIRTY-SIX THROUGH THIRTY-EIGHT: (18 U.S.C. § 1957(a) - Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity)

29.     Paragraphs 1 through 19 and 22 are realleged and incorporated as if fully set forth here.

30.     On or about the dates listed below, in the Northern District of California, and elsewhere, the defendant,

KEITH RODE,

did knowingly engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, said property having in fact been derived from specified unlawful activity, namely, mail fraud, wire fraud, and securities fraud:

| Count | Date | Amount | Transaction |
|---|---|---|---|
| 36 | 12/17/2010 | $16,000 | Electronic Funds Transfer to Keith RODE |
| 37 | 2/2/2011 | $16,000 | Electronic Funds Transfer to Keith RODE |
| 38 | 3/7/2011 | $16,000 | Electronic Funds Transfer to Keith RODE |

**INDICTMENT**

1      All in violation of Title 18, United States Code, Section 1957.

2  FORFEITURE ALLEGATION: 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. §2461(c) (Forfeiture)

3      31.    Paragraphs 1 through 19 and 22 are realleged as if fully set forth herein.

4      32.    Upon a conviction of any of the offenses alleged in Counts One through Twenty-

5  Seven, the defendants,

6                       JOHN GERINGER,
              CHRISTOPHER LUCK, and

7                         KEITH RODE,

8  shall forfeit to the United States all property, constituting and derived from proceeds traceable to

9  violations of Title 18, United States Code, Section 1341 (Mail Fraud), Title 18, United States

10  Code, Section 1343 (Wire Fraud), Title 15, United States Code, Sections 78j(b) and 78ff; and

11  Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2 (Securities Fraud); as

12  alleged in Counts One through Twenty-Seven of this Indictment.

13      33.    Upon a conviction of any of the offenses alleged in Counts Twenty-Eight through

14  Thirty-Eight, the defendants,

15                       JOHN GERINGER,

16                CHRISTOPHER LUCK, and
                     KEITH RODE,

17

18  shall forfeit to the United States all property, real or personal, involved in a violation of Title 18,

19  United States Code, Section 1957, and property traceable thereto, as alleged in Counts Twenty-

20  Eight through Thirty-Eight of this Indictment, including but not limited to any proceeds from

21  said violations, and any property which facilitated said violations.

22      34.    If any of the forfeitable property, as a result of any act or omission of

23  GERINGER, LUCK, or RODE:

24          (A)    cannot be located upon the exercise of due diligence;

25          (B)    has been transferred or sold to, or deposited with, a third party;

26          (C)    has been placed beyond the jurisdiction of the Court;

27          (D)    has been substantially diminished in value; or

28  **INDICTMENT**

1      (E)      has been commingled with other property which cannot be divided without

2      difficulty;

3  it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) (as

4  incorporated in Title 18, United States Code, Section 982(b) and Title 28, United States Code,

5  Section 2461(c)), to seek forfeiture of any other property of said defendants up to the value of the

6  forfeitable property described above.

7      All in violation of Title 18, United States Code, Section 1341 (Mail Fraud), Title 18,

8  United States Code, Section 1343 (Wire Fraud), Title 15, United States Code, Section 78j(b) and

9  78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2 (Securities

10  Fraud); Title 18, United States Code, Section 1957 (Money Laundering); Title 18, United States

11  Code Section 981(a)(1)(C), 982(a)(1); and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____

FOREPERSON

MELINDA HAAG
United States Attorney

_____

AMBER ROSEN
Deputy Chief, San Jose Branch Office

Approved as to form:

_____

JEFF SCHENK
Assistant United States Attorney

**INDICTMENT**

14

AO 257 (Rev. 6/78)

# CR12 00888 DLJ

FSG

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT

☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Filed

DLJ

### OFFENSE CHARGED

18 U.S.C. § 1349 (Conspiracy); 18 U.S.C. § 1341 (Mail Fraud);
18 U.S.C. § 1343 (Wire Fraud); 15 U.S.C. §§ 78j(b) and 78ff,
17 C.F.R. §§ 240.10b-5 and 240.10b5-2, 18 U.S.C. § 2
(Securities Fraud); 18 U.S.C. § 1957(a) (Money Laundering);
18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)
(1) (Forfeiture)

PENALTY: See Attachment

☐ Petty
☐ Minor
☐ Misde-
  meanor
☒ Felony

─── DEFENDANT - U.S ───

DEC 20 2012

☐ JOHN GERINGER

DISTRICT COURT NUMBER

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court,
give name of court

_____

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:

SHOW
DOCKET NO.

☐ U.S. ATTORNEY ☐ DEFENSE }

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under }

Name and Office of Person
Furnishing Information on this form ___ MELINDA HAAG

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned) ___ JEFF SCHENK

### DEFENDANT

#### IS *NOT* IN CUSTODY

1) ☒ Has not been arrested, pending outcome this proceeding.
   If not detained give date any prior
   summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

#### IS IN CUSTODY

4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

   If answer to (6) is "Yes", show name of institution

_____

Has detainer ☐ Yes | If "Yes"
been filed? ☐ No } give date
               filed

DATE OF     Month/Day/Year
ARREST ▶

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶ Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:

☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT     Bail Amount: _____

If Summons, complete following:

☒ Arraignment ☒ Initial Appearance

Defendant Address:
c/o Wm. Michael Whelan, Esq.

Comments:

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time: 1/17/13 at 1:30 PM    Before Judge: Howard R. Lloyd

<u>Maximum Penalties for</u>
<u>U.S. v. JOHN GERINGER</u>

<u>Count One</u> – 18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud

20 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment

<u>Counts Two through Thirteen</u> – 18 U.S.C. § 1341 – Mail Fraud

20 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment

<u>Counts Fourteen through Twenty-Six</u> – 18 U.S.C. § 1343 – Wire Fraud

20 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment

<u>Count Twenty-Seven</u> – 15 U.S.C. §§ 78j(b) and 78ff;
17 C.F.R. §§ 240.10b-5 and 240.10b5-2; 18 U.S.C. § 2 – Securities Fraud

20 years imprisonment
$5,000,000 fine
3 years supervised release
$100 special assessment

<u>Counts Twenty-Eight through Thirty-One</u> – 18 U.S.C. § 1957(a) – Engaging in Monetary
Transaction in Property Derived from Specified Unlawful Activity

10 years imprisonment
$250,000 fine, or twice the amount of the criminally derived property involved in the transaction
3 years supervised release
$100 special assessment



AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

### OFFENSE CHARGED

18 U.S.C. § 1349 (Conspiracy); 18 U.S.C. § 1341 (Mail Fraud);
18 U.S.C. § 1343 (Wire Fraud); 15 U.S.C. §§ 78j(b) and 78ff,
17 C.F.R. §§ 240.10b-5 and 240.10b5-2, 18 U.S.C. § 2
(Securities Fraud); 18 U.S.C. § 1957(a) (Money Laundering);
18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982
(1) (Forfeiture)

PENALTY:   See Attachment

☐ Petty
☐ Minor
☐ Misde-
meanor
☒ Felony

─── DEFENDANT - U.S ───

► CHRISTOPHER LOW

DISTRICT COURT NUMBER

CR12  00888  DLJ

PSG

*(filing stamps overlaid: "E-filing Filed", "DEC 2 0 2012", "RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA SAN JOSE")*

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court,
give name of court

_____

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:                                    SHOW
                                       DOCKET NO.
☐ U.S. ATTORNEY  ☐ DEFENSE }

☐ this prosecution relates to a
pending case involving this same
defendant                              MAGISTRATE
                                       CASE NO.
☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this }
defendant were recorded under

Name and Office of Person
Furnishing Information on this form    MELINDA HAAG

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    JEFF SCHENK

### DEFENDANT

**IS NOT IN CUSTODY**
  Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior ►
     summons was served on above charges

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction  } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
     If answer to (6) is "Yes", show name of institution

_____

Has detainer    ☐ Yes   If "Yes"
been filed?     ☐ No  } give date
                         filed    _____

DATE OF
ARREST    _____   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ►  Month/Day/Year
TO U.S. CUSTODY     _____

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT      Bail Amount: _____

If Summons, complete following:
☒ Arraignment  ☒ Initial Appearance      *Where defendant previously apprehended on complaint, no new summons or
                                          warrant needed, since Magistrate has scheduled arraignment

Defendant Address:
c/o Jahan Raissi, Esq.

Date/Time: 1/17/13 at 1:30 PM    Before Judge: Howard R. Lloyd

Comments:

Maximum Penalties for
U.S. v. CHRISTOPHER LUCK

Count One – 18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud

20 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment

Counts Two through Thirteen – 18 U.S.C. § 1341 – Mail Fraud

20 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment

Counts Fourteen through Twenty-Six – 18 U.S.C. § 1343 – Wire Fraud

20 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment

Count Twenty-Seven – 15 U.S.C. §§ 78j(b) and 78ff;
17 C.F.R. §§ 240.10b-5 and 240.10b5-2; 18 U.S.C. § 2 – Securities Fraud

20 years imprisonment
$5,000,000 fine
3 years supervised release
$100 special assessment

Counts Thirty-Two Through Thirty-Five – 18 U.S.C. § 1957(a) – Engaging in Monetary
Transaction in Property Derived from Specified Unlawful Activity

10 years imprisonment
$250,000 fine, or twice the amount of the criminally derived property involved in the transaction
3 years supervised release
$100 special assessment

△2

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

### OFFENSE CHARGED

18 U.S.C. § 1349 (Conspiracy); 18 U.S.C. § 1341 (Mail Fraud);
18 U.S.C. § 1343 (Wire Fraud); 15 U.S.C. §§ 78j(b) and 78ff,
17 C.F.R. §§ 240.10b-5 and 240.10b5-2, 18 U.S.C. § 2
(Securities Fraud); 18 U.S.C. § 1957(a) (Money Laundering);
18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)
(1) (Forfeiture)

☐ Petty
☐ Minor
☐ Misde-
meanor
☒ Felony

PENALTY: See Attachment

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

*Filed*
*NOV 2 0 2012*

### DEFENDANT - U.S

▶ KEITH RODE

DISTRICT COURT NUMBER

CR12 00888 DLJ

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

FBI

☐ person is awaiting trial in another Federal or State Court,
give name of court

☐ this person/proceeding is transferred from another district
per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of
charges previously dismissed
which were dismissed on motion
of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW
DOCKET NO.

☐ this prosecution relates to a
pending case involving this same
defendant

MAGISTRATE
CASE NO.

☐ prior proceedings or appearance(s)
before U.S. Magistrate regarding this
defendant were recorded under

Name and Office of Person
Furnishing Information on this form     MELINDA HAAG

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)     JEFF SCHENK

### DEFENDANT

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding
1) ☒ If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction
} ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes
been filed? ☐ No
If "Yes"
give date
filed

DATE OF
ARREST
Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED
TO U.S. CUSTODY ▶
Month/Day/Year

PSG

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT     Bail Amount: _____

If Summons, complete following:
☒ Arraignment ☒ Initial Appearance

Defendant Address:
c/o Mark Arnold, Esq.

* Where defendant previously apprehended on complaint, no new summons or
warrant needed, since Magistrate has scheduled arraignment

Date/Time: 1/17/13 at 1:30 PM     Before Judge: Howard R. Lloyd

Comments:

Maximum Penalties for
U.S. v. KEITH RODE

**Count One** – 18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud

20 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment

**Counts Two through Thirteen** – 18 U.S.C. § 1341 – Mail Fraud

20 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment

**Counts Fourteen through Twenty-Six** – 18 U.S.C. § 1343 – Wire Fraud

20 years imprisonment
$250,000 fine, or twice the gross gain or gross loss from the offense
3 years supervised release
$100 special assessment

**Count Twenty-Seven** – 15 U.S.C. §§ 78j(b) and 78ff;
17 C.F.R. §§ 240.10b-5 and 240.10b5-2; 18 U.S.C. § 2 – Securities Fraud

20 years imprisonment
$5,000,000 fine
3 years supervised release
$100 special assessment

**Counts Thirty-Six Through Thirty-Eight** – 18 U.S.C. § 1957(a) – Engaging in Monetary
Transaction in Property Derived from Specified Unlawful Activity

10 years imprisonment
$250,000 fine, or twice the amount of the criminally derived property involved in the transaction
3 years supervised release
$100 special assessment

A3